■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GOODMAN, Appellant. [610 NYS2d 884] —Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered November 20, 1992, convicting defendant upon his plea of guilty of the crimes of rape in the first degree (five counts), sodomy in the first degree (four counts), sexual abuse in the first degree (four counts), attempted sodomy in the first degree (two counts), kidnapping in the second degree and aggravated harassment in the second degree.

Defendant pleaded guilty to a 17-count indictment which included five counts of rape in the first degree, four counts each of sodomy in the first degree and sexual abuse in the first degree, two counts of attempted sodomy in the first degree, kidnapping in the second degree and aggravated harassment in the second degree. He was sentenced to concurrent prison sentences of 8⅓ to 25 years on the rape, sodomy and kidnapping convictions, 5 to 15 years on the attempted sodomy

convictions, 2⅓ to 7 years on the sexual abuse convictions and one year on the aggravated harassment conviction.

Defendant now contends that his waiver of his constitutional rights prior to statements he gave police, as well as his subsequent guilty plea, were invalid. Upon consideration of the totality of the circumstances surrounding defendant's statements to police, we find that defendant was advised of his *Miranda* warnings prior to his statements and that he knowingly and voluntarily waived them; we therefore conclude that County Court did not err in denying defendant's motion to suppress the statements. We also find that defendant's guilty plea was knowing, voluntary and intelligent. In addition, there is no evidence on this record to support defendant's further contention that he was not provided meaningful representation in accepting the plea bargain and entering his guilty plea. Finally, given the heinous nature of defendant's crimes, we find no basis to disturb the sentence imposed by County Court.

Cardona, P. J., Mercure, White, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.